IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAJUAN WILLIAMS, JR.,

               Plaintiff,

v.

GARY BOUGHTON, LEFFLER,
SNODGRASS and WARD,

               Defendants.

OPINION AND ORDER

18-cv-966-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff DaJuan Williams, Jr. filed a civil action under 42 U.S.C. § 1983, contending that defendants Gary Boughton, Captain Leffler, Sergeant Snodgrass and Sergeant Ward violated his constitutional rights by denying a court-ordered visit from his son on October 20, 2018. His complaint is before the court for screening under 28 U.S.C. § 1915A, but I cannot review the potential merits of his claims at this time because his complaint does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing plaintiff's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

     Plaintiff alleges that on October 20, 2018, he was expecting a court-ordered visit with his son and a child care provider. At the time, plaintiff was on "room confinement" as a result of a rule infraction. Plaintiff asked defendant Ward about the visit, and Ward responded that because plaintiff was on room confinement, he could not have visitors. Plaintiff told Ward the

1

visit was court-ordered, and Ward responded that the visitors had not arrived anyway. About a week later, on October 28, Ward told plaintiff that the visitors had eventually arrived but the visit had been denied by defendants Leffler and Snodgrass because plaintiff was on room confinement. Plaintiff wrote to defendant Warden Boughton, who responded that prisoners can have visitors when they are on room confinement. Plaintiff also filed an inmate complaint regarding the incident. His complaint was affirmed on the ground that the visit was denied in error.

Plaintiff contends that defendants violated his rights under the First and Fourteenth Amendments by denying his right to freedom of association and by denying his visitation based on "evil intent due to the ongoing confrontation between plaintiff and prison officials." However, plaintiff's allegations are not sufficient to support a claim under either theory.

Turning first to plaintiff's right to familial association, plaintiff is correct that prisoners retain some right to intimate association while incarcerated, even though the "freedom of association is among the rights least compatible with incarceration" and "[s]ome curtailment of that freedom must be expected in the prison context." Overton v. Bazzetta, 539 U.S. 126, 131–32 (2003). See also Mayo v. Lane, 867 F.2d 374, 375 (7th Cir. 1989) (assuming that prisoners retain limited constitutional right to associate with family members). In Overton, the Court held that the constitutionality of a prison policy restricting visitation privileges depended on whether the policy was reasonably related to legitimate penological interests. Overton, 539 U.S. at 132. To determine whether the policy impinged on the prisoner's constitutional rights, the Court applied four factors set forth in Turner v. Safley, 482 U.S. 78 (1987): whether there is a "valid, rational connection" between the restriction and a legitimate government interest;

2

whether alternatives for exercising the right remain to the prisoner; what impact accommodation of the right will have on prison administration; and whether there are other ways that prison officials can achieve the same goals without encroaching on the right. Id. at 89–91.

In this instance, plaintiff's allegations do not suggest that defendants denied a scheduled visitation with his in accordance with an unconstitutional policy. Instead, his allegations suggest that the visitation was denied either because (1) defendants Ward, Leffler and Snodgrass mistakenly believed that inmates on room confinement could not receive visitors, or (2) defendants had "evil intent." A single incident in which defendants mistakenly believed plaintiff's room confinement restriction prohibited visits is not enough to support a claim that plaintiff was denied a constitutional right to familial association. He has not alleged that the denial of visits was repeated or ongoing or caused by unlawful policies or practices. Therefore, plaintiff cannot proceed on a claim based on his right to familial association. Cf. Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (isolated incidents of delayed mail insufficient to state First Amendment claim).

This leaves plaintiff's statement that defendants denied the visitation because they had "evil intent due to the ongoing confrontation between plaintiff and prison officials." Plaintiff does not explain what he means by this statement, but he may be attempting to raise a First Amendment retaliation claim against defendants. The First Amendment prohibits prison officials from retaliating against prisoners for engaging in activity protected by the First Amendment. However, plaintiff's allegations are too vague to state a claim of this kind.

To state a retaliation claim under the First Amendment, plaintiff must plead allegations suggesting that: (1) he was engaging in activity protected by the Constitution; (2) the defendant

3

subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity; and (3) the defendant's conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009). In this instance, although plaintiff alleges that there was an "ongoing confrontation" between himself and "prison officials," he does not allege facts suggesting that he engaged in activity protected by the First Amendment. He also does not say why he believes defendants Boughton, Leffler, Snodgrass or Ward, in particular, would be motivated to retaliate against him. Finally, he does not say whether he was able to reschedule the visit with his son or how long he had to wait to do so. A brief delay in receiving a visit would likely not be sufficiently adverse to support a retaliation claim. Therefore, plaintiff's allegations are not sufficient to state a retaliation claim.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8. Accordingly, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing.

If plaintiff chooses to file an amended complaint, he should keep it short and to the point and draft it as if he were telling a story to people who know nothing about his situation. In

particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- What is the nature of the "ongoing confrontation" between plaintiff and prison officials?

- How were defendants Boughton, Leffler, Snodgrass and Ward involved in the confrontations?

- Does plaintiff think he engaged in activity protected by the First Amendment, and why?

- Why does plaintiff think defendants denied his visit because of the "ongoing confrontation" and not because of a misunderstanding regarding plaintiff's room confinement restriction?

- Was plaintiff able to reschedule the visit with his son?

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of his claims.

ORDER

IT IS ORDERED that plaintiff DaJuan Williams's complaint is DISMISSED without prejudice for its failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until March 13, 2019 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by March 13, 2019, the clerk of court is directed to close this case.

Entered this 21st day of February, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge