IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAJUAN WILLIAMS, JR.,

                                                        OPINION AND ORDER

        Plaintiff,

                                                      18-cv-966-bbc

    v.

GARY BOUGHTON, CAPTAIN LEFFLER,
SERGEANT SNODGRASS, SERGEANT WARD and
JOHN DOES 1-3,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se plaintiff DaJuan Williams, Jr. filed a civil action under 42 U.S.C. § 1983, contending that defendants Gary Boughton, Captain Leffler, Sergeant Snodgrass and Sergeant Ward violated his constitutional rights by denying a court-ordered visit from his son on October 20, 2018. On February 21, 2019, I dismissed plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure because his complaint did not provide enough information to support a federal claim against defendants. I gave plaintiff an opportunity to file an amended complaint that explained his claims more clearly, and I included a list of specific questions that plaintiff should address in his amended complaint. Dkt. #9.

        Plaintiff has filed an amended complaint, dkt. #10, but his amended complaint repeats the same allegations that he made in his original complaint and does not contain any new allegations or additional explanation about why plaintiff believes his allegations state a claim against defendants. Therefore, I am dismissing plaintiff's complaint and closing this case.

OPINION

Plaintiff was incarcerated at Wisconsin Secure Program Facility in October 2018. He alleges that on October 20, 2018, he was expecting a court-ordered visit with his son and a child care provider. At the time, plaintiff was on "room confinement" as a result of a rule infraction. Plaintiff asked defendant Ward about the visit, and Ward responded that because plaintiff was on room confinement, he could not have visitors. Plaintiff told Ward the visit was court-ordered, and Ward responded that the visitors had not arrived anyway. About a week later, on October 28, Ward told plaintiff that the visitors had eventually arrived but the visit had been denied because plaintiff was on room confinement. Defendants Ward and Snodgrass "signed off" on the denial, and defendant Leffler approved their decision. Plaintiff filed an inmate complaint. The inmate complaint examiner and Warden Boughton responded that prisoners can have visitors when they are on room confinement and that the visit was denied in error.

Plaintiff contends that defendants violated his rights under the First and Fourteenth Amendments. As I explained previously, plaintiff's allegations suggest that defendants denied him visitation on one occasion because they believed, mistakenly, that his room confinement restriction prohibited visits. Although unfortunate, a single visitation denial made in error is not enough to support a claim that plaintiff was denied his right to familial association under the First or Fourteenth Amendment a constitutional right to familial association. Cf. Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (isolated incidents of delayed mail insufficient to state First Amendment claim).

In his original complaint, plaintiff also alleged that defendants denied the visitation because they had "evil intent due to the ongoing confrontation between plaintiff and prison

2

officials." I noted that plaintiff might be attempting to raise a First Amendment retaliation claim against defendants, and I gave plaintiff the opportunity to explain whether he thought defendants denied the visitation for retaliatory reasons. In his amended complaint, plaintiff has omitted his allegations relating to defendants' motive or intent and does not include any other allegations relevant to a potential retaliation claim. Therefore, I conclude that plaintiff is not seeking to bring a retaliation claim against defendants.

In his amended complaint, plaintiff also contends that defendant Boughton violated his constitutional rights by "failing to train" Ward, Snodgrass and Leffler regarding visitation rights for inmates with room restrictions. But plaintiff's allegations do not state a claim against Boughton. A person may be held liable for a constitutional violation only if he was personally involved in the violation. This means that an official must have participated in the alleged conduct or facilitated it. It is not enough to show that a particular defendant is the supervisor of someone else who committed a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). For a claim based on a failure to train, plaintiff would have to allege facts suggesting that Boughton was responsible for training the other defendants regarding the visitation policies and that he knew that his failure to train was likely to lead to a constitutional violation, but failed to take reasonable steps to train the defendants anyway. Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002). Plaintiff's allegations do not state a claim that his constitutional rights were violated, let alone that Boughton acted with deliberate indifference to plaintiff's rights by failing to train the other defendants.

Because plaintiffs' allegations do not state any constitutional claim against defendants, I will dismiss plaintiff's amended complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff DaJuan Williams's amended complaint is DISMISSED for failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 12th day of June, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge